FRANK, ELIZABETH, AND HELEN DZIEWCZYNSKI v. JOHN LODERMEIER.[1]

March 1, 1935.

No. 30,246.

[1]Reported in 259 N. W. 65.

*Thomas Gallagher,* for appellants.
*Snyder, Gale & Richards,* for respondent.

LORING, JUSTICE.

This case arose out of an automobile accident which occurred on state aid road No. 20, a few miles north of St. Cloud. Plaintiff Frank Dziewczynski, accompanied by his wife, Elizabeth, and their daughter Helen, was driving in a northwesterly direction on that road at about 4:30 p. m. on the afternoon of November 1, 1932. Defendant, with a four-wheel trailer attached to his automobile, was proceeding in the same direction but to the rear of plaintiff's car. In endeavoring to pass the Dziewczynski car defendant's trailer struck it on the left rear fender and caused it to run off the road into a ditch on the right-hand side of the road, where the three occupants were injured. Dziewczynski, his wife, and daughter brought these actions for the injuries sustained. The causes were tried together and verdicts were rendered in favor of defendant. Plaintiffs appeal from orders denying their motions for new trials.

Defendant admits that his trailer struck the Dziewczynski car but alleges that the reason for the collision was that Dziewczynski was driving so far to the left of the center of the road that he was obliged to go off the road onto the soft shoulder, and, to keep from running into the ditch on the left-hand side of the road, it was necessary for him to drive so close to the Dziewczynski car that his trailer struck it. Plaintiffs, on the other hand, assert that the car in which they were riding was on the right-hand side of the

road and that the collision was caused by the swaying of the trailer attached to defendant's car.

Plaintiffs testified, and were corroborated by one witness, that after the accident the tracks left by defendant's car and trailer showed that the trailer swayed from side to side in an arc of about three feet on each side of the tracks made by defendant's car; that their own car was on the right side of the road with sufficient room for defendant to pass to the left; and that the tracks of their car, viewed after the accident, were on the right side of the road. Defendant testified, and was corroborated by other witnesses, that the wheel tracks of the Dziewczynski car were such as to indicate that it was traveling on the left side of the road. Defendant admits that he gave no warning signal before starting to pass the Dziewczynski car.

■ The plaintiffs excepted to the trial court's refusal to give a requested instruction. L. 1929, c. 407, § 3, Mason Minn. St. 1934 Supp. § 2720-42, provides:

"Whenever trailers are drawn upon any highway said trailers shall be so constructed and hitched together that they will track on turns and not whip at any time."

The plaintiffs asked the court to charge the jury on this statute, and it refused. The defendant takes the position that plaintiffs' complaints were not broad enough to cover a charge of negligence in connection with the whipping of the trailer. This may be so, but both parties introduced evidence without objection upon this question, and therefore we must hold that it was litigated by consent. The defendant takes the further position that there was no evidence whatever showing that there was any whipping of the trailer prior to or at the time when it struck plaintiffs' car. It is true that the testimony with reference to the tracks does not disclose whether the tracks which indicated whipping were before or after the collision, but there was evidence in the case from which a jury might find that the plaintiffs' car was on the right half of the road, that the defendant's car passed it parallel thereto, and that the trailer bumped against the plaintiffs' car as it was being

pulled past. If this evidence be believed, the trailer could not have struck the plaintiffs' car as it did unless it whipped, because the defendant claimed that he went straight ahead until well clear of the plaintiffs' car. We think the charge should have been given.

1 Mason Minn. St. 1927, § 2720-14, provides:

"The driver of a vehicle upon a highway about to be overtaken and passed by another vehicle approaching from the rear shall give way to the right in favor of the overtaking vehicle on suitable and audible signal being given by the driver of the overtaking vehicle, * * *."

The trial court charged the jury:

"There is no statute law of this state which requires a driver of a motor vehicle upon a public highway to give any signal by horn or otherwise, when about to overtake and pass another vehicle from the rear."

And he further charged:

"Under the evidence in this case he [defendant] did not violate any statute law regulating the passing of vehicles proceeding in the same direction."

Plaintiffs excepted to these instructions and contend that § 2720-14 is a statutory requirement that the horn be sounded or some suitable signal be given by the driver of the overtaking vehicle whenever he seeks to pass another vehicle on the highway. We do not so construe this statute. Apparently the statute was passed to compel the overtaking vehicle to give way to the right when necessary to permit the overtaking vehicle to pass provided the signal is given. This statute was merely an application to motor vehicle traffic of an old rule of the road in force long prior to the enactment of the present statute, which requires a driver to keep to the right of the center line of the highway. Having given the instruction that it did in regard to the statute, the court should have also charged that the jury were to determine whether ordinary care would have required a signal from defendant. The jury were likely to be misled without such direction. Under some of the evi-

dence the jury might have found that ordinary prudence on defendant's part would have required him to give a signal by horn or otherwise of his intention to pass. If his own testimony was true, this issue should have been submitted to the jury. This was particularly true if the jury were convinced that the trailer was whipping. He should at all times have borne in mind that he was pulling a trailer and have conducted himself accordingly.

The orders denying the plaintiffs' motions for new trials are reversed.